IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAYMOND E. LUMSDEN | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv36 |
| TODD HARRIS | § | |

MEMORANDUM OPINION

Plaintiff Raymond E. Lumsden, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U/.S.C. § 1983 against Todd Harris. The defendant was the warden of the Polunsky Unit, where plaintiff was formerly incarcerated. Plaintiff claims he was subjected to unconstitutional conditions of confinement while at the Polunsky Unit.

Pending before the court is an amended motion to dismiss filed by the defendant (doc. no. 31). Plaintiff has filed a response. The motion is therefore ripe for consideration.

Factual Allegations

Plaintiff states he was transferred to the Polunsky Unit in January, 2018, and placed in transient housing. While in transient housing, he began to have heath issues related to his asthma. After approximately 5 days, plaintiff was transferred to 7 Building.

Plaintiff alleges that upon arriving at the Polunsky Unit, he noticed "the extreme presence of cockroaches, mice, and extreme sanitation issues." He states that in April, 2018, he began to have extreme breathing issues related to rising heat and humidity.

Plaintiff describes the conditons he experienced as follows:

> [Plaintiff] was forced to live in cells, eat in chow halls, sit in dayrooms, and exist throughout the unit with deplorable conditions exposing him to mold, chipping paint, raw sewage, human feces, bodily fluids dried on the walls from other inmates, ejaculate on the walls, exposed rust, dirt, leaking roofs which flooded cells,toilets that didn't flush, cells without hot water for cleaning, lack of cleaning supplies and schedule, rodent feces, [and] windows without screens which allowed mosquitos and bugs to enter and torment plaintiff and other inmates.

Plaintiff states he filed numerous grievances concerning the issues he experienced. He also wrote letters directly to the defendant. When he eventually spoke with a regional manager, he was told that he was in prison and would have to deal with the conditions.

Plaintiff alleges mice and rats came into cells and destroyed food purchased by inmates. They could be seen at all times and left feces throughout the facility. He states cockroaches would crawl often, especially at night. As a result of his asthma, he had extensive trouble breathing because of the cockroaches. He states he developed a rash on his body and infections in his lungs that required treatment. He further states that as a result of being in an environment infested with mice and rats, he suffered extreme pain due to excessive coughing fits induced by his asthma.

Plaintiff further alleges that between April and October of 2018, the average daily temperature in the housing areas was in excess of 90 degrees. He states that on most days during the summers the heat index was over 100 degrees. Plaintiff asserts that the extreme temperatures caused him to suffer heat cramps, dizziness, sleep apnea, dehydration, and extreme pain. He states he was not permitted to go to the designated respite areas.

## The Motion to Dismiss

The defendant asserts that the claims against him should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). To the extent he is being sued in his individual capacity, the defendant states plaintiff has failed to state facts demonstrating he was involved in the actions described in the complaint. The defendant also asserts that to the extent he was sued in his individual capacity, he is entitled to qualified immunity because the allegations in the complaint fail to establish either that the conditions plaintiff complains of were so extreme as to constitute a constitutional violation or that he was deliberately indifferent to plaintiff's safety.

To the extent he is being sued in his official capacity, the defendant states he is entitled to immunity under the Eleventh Amendment to the Constitution against claims for money damages. Further, the defendant asserts plaintiff's request for injunctive and declaratory relief is moot because he is no longer incarcerated at the Polunsky Unit.

Plaintiff's Response

In his response, plaintiff agrees that the claim against the defendant in his official capacity should be dismissed and that his claim for injunctive relief is moot. However, he contends that his request for declaratory relief and the claims against the defendant in his individual capacity should not be dismissed.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Analysis

*Declaratory Relief*

A transfer to another prison unit renders a claim for declaratory relief based on conditions at the former unit moot. *Herman v. Holiday*, 238 F.3d 660, 665 *(*5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.3d 1078, 1084 (5th Cir. 1991). To demonstrate a claim for declaratory relief based on conditions at a plaintiff's former unit is not moot, the plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he could be transferred back to the unit. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Plaintiff was no longer confined at the Polunsky Unit at the time he filed his complaint. He has not demonstrated a probability or a reasonable expectation that he will be transferred back to the Polunsky Unit. His claim for injunctive relief is therefore moot.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that a defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). The first step is to determine whether a defendant's alleged conduct has violated a federal right. The second step is to determine whether the right in question was clearly established at the time of the alleged violation such that the defendant was on notice of the unlawfulness of his or her conduct. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (*per curiam*). A defendant is entitled to qualified immunity if there is no violation or if the conduct did not violate clearly established law at the time. *Id*.

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's

4

burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995)).

*Conditions of Confinement*

To amount to an infliction of cruel and unusual punishment, prison conditions must pose "an unreasonable risk of serious damage" to a prisoner's health–an objective test–and prison officials must act with deliberate indifference to the risk posed–a subjective test. *Helling v. McKinney*, 509 U.S. 33-35 (1993). The objective component requires the plaintiff to demonstrate that the defendant's act or omission was "objectively serious" and that it exposed him to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a demonstration that the defendant had a "sufficiently culpable state of mind" and was therefore deliberately indifferent to inmate health or safety. *Id*.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Negligence on the part of prison officials is insufficient. *Hare v. City of Corinth*, 74 F.3d 633, 645-46 (5th Cir. 1996) (*en banc*). A prison official acts with deliberate indifference only if he: (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards the risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Actions by prison officials that are "merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference." *Estate of Davis ex. rel McCully v. City of N. Richland Hills*, 406 F.3d 375, 381(5th Cir. 2005).

*Application*

The court has considered the amended complaint, the amended motion to dismiss and plaintiff's response. For the reasons set forth below, the court is of the opinion plaintiff has failed to satisfy the subjective component of the applicable legal standard.

In his amended complaint, plaintiff alleges he filed numerous grievances concerning conditions at the Polunsky Unit. He also wrote letters to the defendant about the conditions.

Plaintiff has filed copies of several of his grievances. None of the grievances filed were responded to by the defendant. Plaintiff does not allege the defendant ever saw his grievances or his letters. Nor does he provide any details concerning the contents of the letters.

In the response he filed to the amended motion to dismiss, plaintiff states the defendant came to the part of the prison where plaintiff was housed numerous times and addressed the conditions there. He states that on each occasion, the defendant's approach was that plaintiff was living in a prison rather than a hotel. Again, however, plaintiff does not provide any details concerning conversations he may have had with the defendant.

As stated above, deliberate indifference is a high standard to meet. Plaintiff does not state with any specificity what he told the defendant about the conditions he was experiencing. Nor does he state he told the defendant, either in person or by correspondence, that the conditions were having an adverse effect on his health. As a result, the court is unable to conclude the defendant was made aware plaintiff faced a substantial risk of serious harm due to conditions at the Polunsky Unit. Plaintiff's allegations are not specific enough to show exactly what the defendant was told about the conditions. The allegations therefore do not show that, in failing to take actions to correct the conditions, the defendant's state of mind was sufficiently culpable to impose liability under Section 1983. Plaintiff's allegations do not show the defendant was deliberately indifferent.[1] The allegations are insufficient to raise plaintiff's right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

As plaintiff has failed to show the defendant's failure to take action rose to the level of deliberate indifference, he has failed to allege the violation of a federal right. The defendant is therefore entitled to qualified immunity.

---

[1] In view of the court's conclusion regarding the subjective component of the legal standard, the court need not determine whether plaintiff has satisfied the objective component.

ORDER

Plaintiff has conceded his request for injunctive relief is moot and that his claim against the defendant in his official capacity should be dismissed. For the reasons set forth above, plaintiff's claim for declaratory relief is also moot. Finally, as explained above, the defendant is entitled to qualified immunity with respect to plaintiff's claim that the conditions of his confinement constituted cruel and unusual punishment The defendant's amended motion to dismiss is therefore **GRANTED**. An appropriate final judgment shall be entered.

**SIGNED** this the **20** day of **August, 2021.**

_____
Thad Heartfield
United States District Judge